## ACTION TO ENJOIN COLLECTION OF A STREET ASSESSMENT.

Court of Appeals for Hamilton County.          ·

JOHN H. DICKERSON v. CITY OF CINCINNATI ET AL.*

Decided, March 26, 1914.

*Limitation of Actions—Application of the Four Years Statute to Collection of Street Assessments—Injunction—Section 11224.*

An action to enjoin the collection of a street assessment payable in annual installments is not barred by the statute of limitations where brought within four years from the time any particular installment of said assessment which is being contested became due.

*H. E. Engelhardt,* for plaintiff in error.
*F. K. Bowman,* Assistant Solicitor, contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

In the case below a petition was filed on December 17, 1912, in the Court of Insolvency of Hamilton County, against the city of Cincinnati and its auditor and treasurer, and the auditor and treasurer of Hamilton county, in which it was sought to enjoin the certification and collection of assessments made for the improvement of Grandin road, payable in ten annual installments. The ordinance under which said assessment was levied was passed January 27, 1908, and provided that the entire amount levied might be paid in cash within thirty days from the taking

---

*Affirmed without opinion, *Cincinnati* v. *Dickerson,* 90 Ohio State.

effect of said ordinance, and if not so paid should be collected in ten annual installments payable on the same date on the ten consecutive years commencing in 1909, one-tenth of said assessment, with interest on the bonds, being collected in each of said years.

A general demurrer was filed to said petition and was sustained by the court on the ground that the action was barred under the four years limitation provided by Section 11224, General Code.

We do not think that this action is barred. The injury complained of against which the injunction is sought is the collection of the assessment. The plaintiff evidently did not exercise his option under the ordinance to pay the assessment in cash, and the first installment thereof did not therefore become due until some date after January 27, 1909, depending on the date that the ordinance went into effect after its publication, which is not shown in the record. The four years limitation as to the first installment, therefore, would not be reached until March, 1913.

A similar holding is found in *Gault* v. *City of Columbus*, 10 C.C.(N.S.), 263.

The demurrer should have been overruled.

*Judgment reversed and cause remanded for further proceeding.*